UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

FEB 2 0 2004

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| DEFINED BENEFIT PENSION PLAN FOR THE UNITED WAY OF THE NATIONAL CAPITAL AREA<br><br>and<br><br>UNITED WAY OF THE NATIONAL CAPITAL AREA,<br><br>  Plaintiffs,<br><br>v.<br><br>ORAL SUER,<br><br>  Defendant. | CASE NUMBER  1:04MS00088<br>JUDGE: James Robertson<br>DECK TYPE: Miscellanous<br>DATE STAMP: 02/20/2004 |
| UNITED WAY OF THE NATIONAL CAPITAL AREA,<br><br>  Plaintiff,<br><br>v.<br><br>ORAL SUER,<br><br>  Defendant. | |

### MOTION TO COMPEL PRODUCTION OF DOCUMENTS
### IN RESPONSE TO PROPERLY SERVED SUBPOENA

For reasons set forth more fully in Plaintiff's Memorandum of Points and Authorities, Oral Suer moves this Court pursuant to Rules 37 and 45 of the Federal Rules of Civil Procedure for an Order:

1.  Compelling PriceWaterhouse Coopers LLP ("PWC") to comply with the subpoena with which it was properly served on December 17, 2003 in connection with *United Way of the National Capital Area v. Suer*, No. 03-1026-A (E.D. Va.), and *Defined Benefit Plan of the United Way of the National Capital Area and United Way of the National Capital Area v. Suer*, No. 03-1025-A (E.D.Va.) (consolidated for the purposes of discovery) ("the Subpoena") (attached as Exhibit A) and produce and permit inspection and copying of documents no later than March 3, 2004.

2.  Establishing further sanctions in the event that PWC fails to comply with this Order.

*Submitted by:*

ZUCKERMAN SPAEDER LLP

_____
Graeme W. Bush, D.C. Bar No. 935060
Blair G. Brown, D.C. Bar No. 372609
D. Allison Baker, D.C. Bar No. 478202
1201 Connecticut Avenue, NW, Suite 600
Washington, DC 20036
PHONE:   202/778-1800
FAX:     202/822-8106

*Counsel for Oral Suer*

Dated: February 20, 2004

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing Motion to Compel Production and Memorandum of Points and Authorities in Support of Motion to Compel to be served as follows this 20th day of February, 2004 on:

>PriceWaterhouse Coopers LLP
>c/o CT Corp. Systems
>1015 15th Street, NW
>10th Floor, Suite 1000
>Washington, DC 20005
>(via hand delivery)
>
>Philip J. Harvey
>VENABLE, BAETJER AND HOWARD, LLP
>8010 Towers Crescent Drive, Suite 300
>Vienna, VA 22182
>*Counsel for United Way of the National Capital Area*
>*and Defined Benefit Plan of the United Way*
>*of the National Capital Area*
>(via facsimile and U.S. Mail postage prepaid)

*[signature]*
D. Allison Baker

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEFINED BENEFIT PENSION PLAN FOR THE UNITED WAY OF THE NATIONAL CAPITAL AREA<br><br>and<br><br>UNITED WAY OF THE NATIONAL CAPITAL AREA,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>ORAL SUER,<br><br>　　　　Defendant. | 04 0088 |
| UNITED WAY OF THE NATIONAL CAPITAL AREA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ORAL SUER,<br><br>　　　　Defendant. | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO PROPERLY SERVED SUBPOENA**

Oral Suer is a defendant in *United Way of the National Capital Area v. Suer*, No. 03-1026-A, and *Defined Benefit Plan of the United Way of the National Capital Area and United Way of the National Capital Area v. Suer*, No. 03-1025-A, which are currently

pending in the U.S. District Court for the Eastern District of Virginia. By Corrected Order, dated November 17, 2003, the parties are required to complete discovery in these matters **no later than March 12, 2004**. (Exhibit B).

The complaints in the above referenced actions allege claims of breach of fiduciary duty, fraud, conversion, unjust enrichment, equitable unjust enrichment, federal common law unjust enrichment, and common law unjust enrichment against Mr. Suer in connection with his tenure with the United Way of the National Capital Area ("United Way") and his dealings with the Defined Benefit Plan of the United Way of the National Capital Area (the "Pension Plan"). The claims are based on factual allegations that closely track the findings contained in a report prepared at the United Way's request by PriceWaterhouse Coopers LLC ("PWC"), following a forensic accounting investigation into "possible past financial malfeasance" at the United Way.

On December 17, 2003, PWC's agent in the District of Columbia, CT Corp. Systems, was properly served with a valid subpoena seeking various documents referenced, relied upon, reviewed, generated or consulted in connection with PWC's forensic accounting investigation (the "Subpoena"). (Exhibit A). These documents are directly relevant to the claims in the civil actions referenced above. The Subpoena was returnable on December 29, 2003. *Id.*

On or about December 24, 2003, Patrice Edmonds, a paralegal with PWC, called Mr. Suer's counsel and left a voicemail message requesting additional time to respond to the subpoena and indicating that she would be out of the office until January 6, 2004.

Mr. Suer's counsel attempted to contact Ms. Edmonds on January 7, 2004. Due to the lapse in time, however, Ms. Edmond's voicemail message expired and was deleted.

Mr. Suer's counsel contacted CT Corp., PWC's registered agent in the District of Columbia, and asked for contact information for PWC. Brandy Anderson of CT Corp. indicated that she could not provide contact information, but she could transmit a message via Federal Express that would arrive at PWC the following day. Mr. Suer's counsel transmitted a facsimile to be forwarded to PWC requesting that someone from PWC contact her immediately so that they could make arrangements for compliance with the subpoena. (Exhibit C).

No one from PWC responded. On January 14, 2004, Mr. Suer's counsel contacted Alan Fox, an attorney with PWC's New York office whom Mr. Suer's counsel had previously dealt in other matters, and asked if he could provide assistance in locating the appropriate person in order to obtain a response to the Subpoena. (Exhibit D). Shortly thereafter Ms. Edmonds responded indicating that PWC was still in the process of gathering responsive documents and inquired whether Mr. Suer would like copies of everything or would prefer to review the documents and designate selected ones for copying. (Exhibit E). Mr. Suer's counsel responded that same day by inquiring when the documents would be ready and noting that "I know that this has been difficult with the holidays, but we have deadlines as well. I need your documents as soon as possible." (Exhibit F). Mr. Suer's counsel also noted that the United Way had previously produced thirteen boxes of documents, allegedly from PWC's files, and that if she could determine which documents had previously been produced, it was not necessary for PWC to produce duplicates of these documents. *Id.*

On January 20, 2004, when PWC had still not provided a response or even an estimate as to when documents would be available for inspection and copying or copies

would be available, Mr. Suer's counsel inquired again as to when the documents would be available. (Exhibit G).

Seven days later, on January 27, 2004, Ms. Edmonds, having apparently not read Mr. Suer's counsel's January 14, 2004 email, noted that "we found out that some of [the documents] have already been produced by the company [presumably the United Way] right before the holidays." (Exhibit H). Ms. Edmonds also noted that PWC has "documents that the company is claiming a privilege [over]. I have asked them to make arrangements to come to our offices and do a log for you." *Id.*

Mr. Suer's counsel, once again, stated that it was not necessary for PWC to produce any documents that had already been produced by the United Way. (Exhibit I). Mr. Suer's counsel noted that the time for making objections had long since expired and inquired whether PWC would provide copies or make the documents available for review at their offices, attempting to set up an appointment to do so. *Id.*

PWC offered no response.

On February 18, 2004, Mr. Suer's counsel sent Ms. Edwards an email stating, "I have yet to receive ANY response from PriceWaterhouse Coopers to the subpoena which we served on December 17, 2003. If PriceWaterhouse Coopers does not respond immediately, we are going to file a motion to compel production." (Exhibit J). Counsel for the United Way and the Pension Plan, Philip J. Harvey of Venable LLP was copied on that email. *Id.*

As of the time of the filing of this motion, PWC has failed to produce *any* documents or make *any* written objections.

Mr. Suer's counsel hereby certifies that they have made a good faith effort to confer with PWC and resolve this matter.

Mr. Suer has never agreed to PWC's request for an extension of time to respond to the Subpoena due to the very short time allowed for discovery in the underlying civil actions. The return date set forth in the Subpoena, December 29, 2004, has long since expired. Rule 34 of the Federal Rules of Procedure only allow parties thirty days to respond to a request for documents. Yet, sixty-five days have elapsed since PWC was served and PWC has failed to make any written objections or produce documents, despite repeated inquiries by Mr. Suer's counsel. PWC can not be allowed to simply ignore a properly served, valid subpoena.

For the foregoing reasons, Mr. Suer's Motion to Compel should be granted and PWC should be ordered to comply with the Subpoena and make the requested documents available for inspection or copying.

*Submitted by:*

ZUCKERMAN SPAEDER LLP

_____
Graeme W. Bush, D.C. Bar No. 935060
Blair G. Brown, D.C. Bar No. 372609
D. Allison Baker, D.C. Bar No. 478202
1201 Connecticut Avenue, NW, Suite 600
Washington, DC 20036
PHONE:     202/778-1800
FAX:       202/822-8106

*Counsel for Oral Suer*

Dated: February 20, 2004